IN THE UNITED STATES DISTICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHEILA KEATING, EXECUTOR ) | CASE NO. |
| OF THE ESTATE OF KENNETH ) | |
| KEATNG, DECEASED ) | |
| 10310 Camp Road ) | |
| West Salem, Ohio  44287 ) | JUDGE |
| ) | |
| Plaintiff ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| United States of America ) | **Type: Medical Malpractice;** |
| Office of the General Counsel ) | **Negligence; Professional Tort** |
| Department of Veterans Affairs ) | |
| 810 Vermont Avenue, NW ) | |
| Washington, D.C. 20420 ) | |
| ) | |
| Defendant ) | |

## I. INTRODUCTION

1. At all times relevant hereto, the Plaintiff, Sheila Keating, is the duly appointed Executor of the Estate of Kenneth Keating, Deceased, and resides at 10310 Camp Road, Village of West Salem, County of Wayne, State of Ohio.

2. Attached hereto and incorporated herein as Exhibit A is a copy of the Letters of Authority issued to the Plaintiff, Sheila Keating, by the Wayne County Probate Court located in the City of Wooster, County of Wayne, State of Ohio.

3. At all times relevant hereto, the Defendant, United States of America, is the proper party defendant as the representative for the Department of Veterans Affairs, which provided medical care and treatment for the Plaintiff's decedent, Kenneth Keating, at various times during his life up to his death on July 24, 2014.

4. At all times pertinent to this action, the employees, agents and/or representatives of the Department of Veterans Affairs who provided medical care and treatment to the Plaintiff's decedent, Kenneth Keating, were acting within the course and scope of that agency and/or employment with the Defendant, United States of America.

5. Venue of this matter is appropriate pursuant to Federal Rule of Civil Procedure 3 and 28 U.S.C. Section 1402.

6. This matter is timely filed pursuant to the provisions of 28 U.S.C. 2401 and Ohio Revised Code Section 2305.113.

7. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. Section 1346.

## II. FIRST CLAIM FOR RELIEF

8. For her First Claim for Relief, the Plaintiff, Sheila Keating, hereby incorporates the allegations of Paragraphs 1 through 7 of this Complaint as if fully rewritten herein.

9. For her First Claim for Relief, the Plaintiff, Sheila Keating, brings this claim for the benefit of all of the beneficiaries and other next of kin of her decedent, Kenneth Keating.

10. On or about June 24, 2014, the Plaintiff's decedent, Kenneth Keating, underwent surgery at the Cleveland VA Facility located at Wade Park for various purposes, including but not limited to, an aortic valve replacement and the completion of four bypass grafts.

11. From the time of that surgery until his death on July 24, 2014, the Plaintiff's decedent, Kenneth Keating, received medical care and treatment continuously from the employees, agents and/or representatives of the Defendant, United States of America, at the Veterans Affairs facilities located in Northeast Ohio and/or at facilities authorized to provide treatment to Kenneth Keating by the Defendant.

12. From June 24 through July 24, 2014, the Defendant, by and through its employees, agents and/or representatives, negligently failed to provide the proper medical care and treatment to the Plaintiff's decedent, Kenneth Keating, including but not limited to, the negligent care provided post-operatively to the Plaintiff's decedent.

13. From June 24 through July 24, 2014, the medical care and treatment provided to the Plaintiff's Decedent, Kenneth Keating, by the Defendant, by and through its employees, agents and/or representatives, was negligent. The Defendant and its employees, agents and/or representatives, failed to exercise that degree of care which reasonably prudent persons and/or physicians and/or surgeons would have exercised under the same or similar circumstances.

14. As a direct and proximate result of the negligence of the Defendant, by and through its agents, employees and/or representatives, the surviving beneficiaries and/or

3

lawful next of kin of the Plaintiff's decedent, Kenneth Keating, have been damaged. Their damages include, but are not limited to: loss of services and support of their decedent; loss of society of their decedent, including but not limited to, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education, and/or loss of prospective inheritance.

15. As a direct and proximate result of the Defendant's negligence, the beneficiaries and lawful next of kin of the Plaintiff's decedent have suffered severe and unexpected emotional distress and mental anguish and will continue to experience such distress in the future.

16. As a direct and proximate result of the Defendant's negligence, the Plaintiff, Sheila Keating, has incurred expenses for the funeral and burial of her decedent.

17. The Plaintiff, Sheila Keating, timely submitted the required Standard Form 95 to the Department of Veteran's Affairs on July 24, 2015. A copy of the Form 95, the Death Certificate and Obituary are all attached hereto and incorporated herein as Exhibits B, C, and D, respectively. At the time the Form 95 was submitted, the Plaintiff advised the Defendant that she had requested but not yet received a complete copy of the decedent's medical records with the Defendant.

18. On March 3, 2016, a representative of the Defendant obtained oral statements from the Plaintiff, Sheila Keating; the decedent's son, Matthew Keating; the decedent's daughter, Sarah Keating Wolfe; the decedent's sister, Karen Keating.

19. On or about October 3, 2016, the Department of Veteran's Affairs issued a written denial of the claim. A copy of the written denial of claim issued by the Department of Veteran's Affairs is attached hereto and incorporated herein as Exhibit E.

20. The Plaintiff, Sheila Keating, timely submitted a written Motion for Reconsideration to the Department of Veteran's Affairs on March 22, 2017. A copy is attached hereto and incorporated herein as Exhibit F.

21. At the time this Motion for Reconsideration was submitted on March 22, 2017, the Plaintiff also advised the Defendant that the decedent's medical records that had been produced were incomplete. The Plaintiff provided a list to the Defendant of what was believed to be the missing medical records. See Exhibit F.

22. A copy of the Department of Veteran's Affairs May 23, 2017, written acknowledgement of the Plaintiff's Motion for Reconsideration is attached hereto and incorporated herein as Exhibit G.

23. On June 26, 2017, counsel for the Plaintiff sent a letter to the Defendant's counsel assigned to the Motion for Reconsideration to confirm the correct procedure to follow to obtain copies of the decedent's medical records that were identified in Exhibit F. See Exhibit H.

24. On or about August 17, 2017, counsel for the Plaintiff confirmed by telephone with counsel for the Defendant that the request for the remaining records from the decedent's chart had been forwarded to the Defendant's Wade Park facility.

25. Sometime in February of 2018, the undersigned counsel received a disc of the decedent's medical records from the Defendant. The disc contained approximately 1,500 pages of medical records.

26. On or about July 11, 2018, the undersigned counsel advised the Defendant's counsel assigned to the Motion for Reconsideration that there were still documents missing from the decedent's medical records. On July 12, 2018, the undersigned counsel was advised that the request for the missing records had been forwarded to the Defendant's Wade Park facility. See Exhibit I.

27. Since six months or more have passed since the Department of Veteran's Affairs acknowledged the Motion for Reconsideration, but the Department of Veteran's Affairs has not taken any further action on this matter, the Plaintiff is hereby permitted to bring this action pursuant to 28 U.S.C. 2675.

### III. SECOND CLAIM FOR RELIEF

28. For her Second Claim for Relief, the Plaintiff, Sheila Keating, hereby incorporates the allegations of Paragraphs 1 through 27 of this Complaint as if fully rewritten herein.

29. The Plaintiff, Sheila Keating, hereby brings this action for the benefit of her decedent, Kenneth Keating, deceased.

30. As a direct and proximate result of the negligence of the Defendant, by and through its employees, agents and/or representatives, as more fully described in the First Claim for Relief, the Plaintiff's decedent, Kenneth Keating, experienced unnecessary

physical and/or emotional pain and suffering prior to his death and the Plaintiff's decedent was deprived of the ability to live and enjoy a normal and healthy life.

WHEREFORE, the Plaintiff hereby demand judgments against the Defendant, United States of America, as follows:

(a) The Plaintiff, Sheila Keating, hereby demands judgment against the Defendant on her First Claim for Relief for a sum of compensatory damages in the amount of $250,000.00, as well as interest and costs as allowed by law;

(b) The Plaintiff, Sheila Keating, hereby demands judgment against the Defendant on her Second Claim for Relief for compensatory damages in the amount of $25,000.00, as well as interest and costs as allowed by law;

(c) Any other relief that justice requires or this Court deems appropriate.

Respectfully submitted,

/s/ Maura E. Scanlon
**MAURA E. SCANLON** (0040584)
THE SCANLON GROUP CO., L.P.A.
4040 Embassy Parkway, Suite 240
Akron, Ohio 44333
(330) 376-4558, Ext. 400
FAX: (330) 346-3107
E-MAIL: mscanlon@scangrp.com
ATTORNEY FOR PLAINTIFF